**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| RONALD L. ERVIN, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PURDUE UNIVERSITY CALUMET, )<br>PURDUE UNIVERSITY CALUMET POLICE )<br>CHIEF STEPHEN J. CHADDOCK, OFFICERS )<br>NICHOLAS ZWIER AND LARRY THYEN, )<br>    Defendants. ) | CAUSE NO.: 2:09-CV-136-PRC |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment [DE 13], filed by Defendants on June 7, 2010. Plaintiff filed a response brief on July 8, 2010, to which Defendants filed a reply on July 22, 2010.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Ronald L. Ervin worked as a Police Officer for Purdue University-Calumet for approximately twenty two years. On May 8, 2006, Plaintiff submitted his written intention to retire effective May 28, 2006 to Police Chief Stephen J. Chaddock. That same day, Plaintiff allegedly met with Purdue University-Calumet's Assistant Vice Chancellor of Human Resources, Mary Beth Rincon, to submit a formal complaint concerning alleged discrimination by Chief Chaddock and Officer Nicholas Zwier regarding their favoritism for black and female employees.

On May 15, 2006, Plaintiff submitted a letter to Vice Chancellor of Administrative Services, Michael Kull, and Chief Chaddock, rescinding his intention to retire. However, Chief Chaddock refused to accept Plaintiff's recision and his employment ceased as of May 28, 2006. Plaintiff alleges that this was a forced retirement.

Plaintiff filed a Charge of Discrimination with the Indiana Civil Rights Commission and the Equal Employment Opportunity Commission ("EEOC") on April 17, 2007, alleging race, color, and sex discrimination and retaliation. In the Charge, Plaintiff alleged that Defendants discriminated against him in favor of black and female employees, allowing them the opportunity to return to work after they retired or resigned. In particular, Plaintiff alleged that one black male employee was offered the opportunity to return to work as a police officer after he retired and a female police officer (Shannon Hamel) resigned and was later offered an opportunity to work part-time by the Defendants. Further, Plaintiff represents that he submitted a formal written complaint to Purdue University-Calumet's Associate Director for EEO/Diversity on November 2, 2006, complaining about discrimination and hostile work environment. Plaintiff alleged that he had to reapply for his vacant position and go through the hiring process, while female employees did not have to. Plaintiff also alleged that Purdue University-Calumet discriminated against him by permitting Chief Chaddock to make the final decision concerning his employment status and his decision was retaliatory.

On November 13, 2007,[1] Plaintiff filed a second Charge with the Indiana Civil Rights Commission and the EEOC alleging that since filing his April 17, 2007 Charge, Purdue University-Calument continued to retaliate and discriminate against him by hiring younger applicants, rehiring females (identifying Shannon Hamel) and other minorities without following established procedures, and that he was not considered for vacant positions. Plaintiff alleged that Defendants' actions violated Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.

---

[1] The second Charge of Discrimination contains the date of October 22, 2007, but the Notice of Charge of Discrimination is dated November 13, 2007, which appears to be the date it was filed. Accordingly, the Court will deem the Charge as being filed on November 13, 2007.

2

On April 30, 2008, the EEOC issued a Dismissal and Notice of Rights to Plaintiff on the April 17, 2007 Charge, informing him that he had ninety days to file suit on his claims. Plaintiff received a Dismissal and Notice of Rights for his November 13, 2007 Charge on February 11, 2009.

On May 7, 2009, Plaintiff filed a Civil Rights Complaint in this Court alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"), and age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Defendants filed an Answer on July 6, 2009.

Defendants filed the instant Motion for Summary Judgment on June 7, 2010, along with their brief in support. Plaintiff filed a response brief on July 8, 2010, to which Defendants filed a reply brief on July 22, 2010.

On August 13, 2009, the parties orally consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**SUMMARY JUDGMENT STANDARD**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and

the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *See id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *See Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e)(2); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that the opposing party's "response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see*

*also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443.

## ANALYSIS

In support of their Motion for Summary Judgment, Defendants argue that Plaintiff's race, color, and sex discrimination claims, as well as retaliation claims, are untimely and Plaintiff fails to support his age discrimination claim. The Court evaluates each in turn.

### A. Timeliness of Plaintiff's Title VII Claims

Upon receipt of a right to sue letter from the EEOC, a plaintiff has 90 days to file an action in federal court. 42 U.S.C. § 2000e-5(f)(1). Compliance with the 90 day limitation is not a jurisdictional prerequisite, but is a "condition precedent" to relief. *See Perkins v. Silverstein*, 939 F.2d 463, 470 (7th Cir. 1991). The 90 day period begins to run when the plaintiff receives actual

5

notice from the EEOC of the right to sue. *See Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir. 1999).

Here, Defendants argue that the claims raised in Plaintiff's April 17, 2007 Charge are untimely as Plaintiff failed to file the instant suit within 90 days of receiving his right to sue letter on April 30, 2008. Plaintiff filed his Civil Rights Complaint in the instant suit on May 7, 2009–more than 90 days after receiving his April 30, 2008 right to sue letter. Accordingly, any of the claims based on the allegations of the April 17, 2007 Charge are untimely.

Defendants argue that the substance of Plaintiff's November 13, 2007 Charge is nearly identical to that of the April 17, 2007 Charge, thus making the race, color, and sex discrimination and retaliation claims raised in the latter Charge untimely.[2] In his response brief, Plaintiff argues that his Complaint is timely filed since it was filed within 90 days of receiving the February 11, 2009 right to sue letter. However, Plaintiff ignores Defendants' argument regarding whether the allegations in the November 13, 2007 Charge are identical to the April 17, 2007 Charge, making the November 13, 2007 Charge, and the instant suit based on those allegations, untimely.[3]

---

[2] Defendants also argue that after Plaintiff received the April 30, 2008 right to sue letter, instead of filing suit, he filed the November 13, 2007 Charge. However, Defendants are incorrect as Plaintiff filed the November 13, 2007 Charge *before* receiving the April 30, 2008 right to sue letter.

Further, Defendants incorrectly argue that Plaintiff did not check the boxes for race or color on his November 13, 2007 Charge. However, in Plaintiff's November 13, 2007 Charge, he checked the boxes for discrimination based on race, color, age, sex, and retaliation. The Notice of Charge of Discrimination, however, only has the boxes checked for sex, age, and retaliation. None of the parties have explained this discrepancy and the Court concludes that Plaintiff's November 13, 2007 Charge alleges discrimination based on race, color, age, sex, and retaliation.

[3] Further, in his response brief, Plaintiff's counsel argues, without legal support, that the EEOC "possesses the intelligence and experience in addition to competent legal counsel" and would not have "entertained nor investigated Plaintiff's second filing with E.E.O.C. nor issued the second [right to sue letter]." Pl.'s Resp. Br. 2. In fact, the only citations to legal authority in Plaintiff's response brief are to incomplete citations. In particular, Plaintiff's counsel provides the citation "Threadgill vs. Moore USA Insurance 2001, 7th Cir.", Pl.'s Resp. Br. 3, without providing a full citation including the published source in which the case may be found and the parenthetical indicating the court and year of the decision. Further, Plaintiff's attorney cites "644 F. Supp. 2d 1249 (2009)" without including the case name or the parenthetical indicating the court. *Id.*

"To allow a plaintiff to re-allege an earlier EEOC charge in a subsequent EEOC charge would render the 90-day time limit for filing lawsuits 'meaningless,' because it would allow the plaintiff to 'evade [the filing requirement] simply by seeking additional Notices of Right to Sue whenever [he] pleased.'" *Vitello v. Liturgy Training Publications*, 932 F. Supp. 1093, 1098 (N.D. Ill. 1996) (quoting *Soso Liang Lo v. Pan American World Airways, Inc.*, 787 F.2d 827, 828 (2d Cir. 1986)). As such, once the 90-day period expires, a court is precluded from adjudicating any allegations that were contained in a previous charge. *Blalock v. Bethesda Lutheran Homes and Services, Inc.*, No. 01 C 9188, 2002 WL 31833693, at *3 (N.D. Ill. Dec. 16, 2002). Accordingly, Plaintiff must demonstrate that his second EEOC charge is not a "mere re-allegation of the first EEOC charge, i.e., not reasonably related or similar enough to be within the scope of the first charge." *Id.*

In the April 17, 2007 Charge, Plaintiff alleges that Defendants discriminated against him in favor of black and female employees, allowing them the opportunity to return to work after they retired or resigned. In particular, Plaintiff alleged that Defendants offered one black male employee the opportunity to return to work as a police officer after he retired. Plaintiff also alleged that Defendants offered a female police officer (Shannon Hamel) the opportunity to return to work after she resigned. In the November 13, 2007 Charge, Plaintiff alleged that he is over the age of 40 and Defendants continued to retaliate and discriminate against him by hiring younger applicants, rehiring females (identifying Shannon Hamel) and other minorities without following their established procedures, and he was not considered for vacant positions. Except for the age discrimination allegation, the allegations of retaliation, sex, color, and race discrimination are "like or reasonably related to" the allegations contained in the April 17, 2007 Charge as they are based on the same acts.

7

*See Johnson v. Chicago Bd. of Educ.*, No. 05 C 4294, 2007 WL 317030, at *5 (N.D. Ill. Jan. 31, 2007) (finding that allegations in a later EEOC charge were "like or reasonably related to" the allegations in a prior untimely charge where they were based on the same acts); *Blalock*, 2002 WL 31833693 at *4. Further, Plaintiff's Civil Rights Complaint alleges discrimination based on the allegations contained in the EEOC Charges. Accordingly, the Court finds that Plaintiff's claims based on the allegations of retaliation, sex, color, and race discrimination are time barred.[4]

In his response brief, Plaintiff misconstrues the Defendants' argument by arguing that no legal authority supports limiting Plaintiff to filing one EEOC Charge. However, Defendants do not argue that a plaintiff can file only one EEOC Charge. Further, Plaintiff represents that "Plaintiff furnished Defendants hundreds of pages of discovery; justiciable issues of material fact do exist", without further explanation. Pl.'s Resp. Br. 3. Plaintiff fails to explain what issues of material fact exist and fails to address how the claims raised in the November 13, 2007 Charge are timely, aside from the instant suit being filed within 90 days of receiving the February 11, 2009 right to sue letter. "An underdeveloped argument, or argument not raised at all, is a waived argument." *Beverly v. Depuy Orthopaedics, Inc.*, No. 3:07-CV-137-AS, 2008 WL 45357, at *2 (N.D. Ind. Jan. 2, 2008). Therefore, the Court finds that Plaintiff has failed to raise a genuine issue of material fact regarding the timeliness of his retaliation and sex, color, and race discrimination claims and summary judgment must be granted in Defendants' favor.

---

[4] Further, to the extent that Plaintiff checked the box on his EEOC Charge indicating that this was an alleged "continuing action", this doctrine does not apply to extend the time to file a lawsuit, instead only operating to extend the time to file an EEOC charge. *See Lewis v. Norfolk Southern Corp.*, 271 F. Supp. 2d 807, 812 (E.D. Va. 2003); *Martini v. A. Finkl & Sons Co.*, No. 96 C 0756, 1996 WL 667816, at *6 n. 3 (N.D. Ill. Nov. 15, 1996). Plaintiff also provides in his response brief that he does not argue that equitable tolling applies. *See* Pl.'s Resp. Br. 3.

## B. Plaintiff's ADEA Claim

Next, Defendants argue that summary judgment should be granted on Plaintiff's ADEA claim as he has failed to allege age discrimination in his Complaint. The ADEA prohibits employers from firing employees who are age 40 or over on the basis of their age. *Martino v. MCI Communications Services, Inc.*, 574 F.3d 447, 452 (7th Cir. 2009). A plaintiff asserting an ADEA claim may show discrimination under the direct or indirect method. *Id.* Under the direct method, a plaintiff may offer direct or circumstantial evidence that the defendant's decision to terminate him was motivated by age. *Id.* Under the indirect method, a plaintiff must prove that (1) he is a member of a protected class, being age 40 or older; (2) his performance met the defendant's legitimate expectations; (3) despite his performance he was subject to an adverse employment action; and (4) the defendant treated similarly situated individuals under age 40 more favorably than the plaintiff. *Id.* at 453. If the plaintiff satisfies these criteria, then the defendant may provide a legitimate, nondiscriminatory reason for the termination. *Id.* If the defendant is able to do so, then the plaintiff must show that the stated reason is a pretext for discrimination. *Id.* However, "the ultimate burden to prove intentional discrimination *always remains with [the plaintiff]*." *Id.*

In his Complaint, Plaintiff alleges that he is bringing the instant suit pursuant to the ADEA and that he was allegedly forced to retire at age 47. However, Plaintiff does not make any other allegations in support of an ADEA claim and, in particular, does not allege that he was discriminated against because of his age.

In his response brief, other than asserting, without explanation or supporting evidence, that "justiciable issues of material fact do exist", Plaintiff fails to address this issue. Pl.'s Resp. Br. 3. It is Plaintiff's burden to prove his ADEA claim. *See Martino*, 574 F.3d at 453. Plaintiff has not

9

indicated that he needs additional information to respond to Defendants' arguments regarding his ADEA claim, has not filed a Rule 56(f) motion, and, although Plaintiff's counsel represents in his response brief that "Plaintiff did not begin discovery because of a privileged discussion with counsel however it will begin soon" (which is inconsistent with his representation that he has furnished Defendants with "hundreds of pages of discovery"), the discovery deadline expired on May 17, 2010, without any party requesting that it be extended. Pl.'s Resp. Br. 3. "A court need not make the lawyer's case." *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). Whether Plaintiff's failure to provide allegations supporting his ADEA claim in his Complaint, especially alleging discrimination based on his age, is due to his attorney's oversight or irresponsibility, Plaintiff has failed to address this argument in his response brief and his ADEA claim is waived. *See Palmer v. Marion County,* 327 F.3d 588, 597 (7th Cir. 2003) (holding that claims not addressed in a summary judgment opposition brief are deemed abandoned); *Laborers Int'l Union of N. Amer. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999) (stating that arguments not presented to the district court in response to summary judgment motions are waived).

Accordingly, summary judgment is granted in Defendants' favor on Plaintiff's ADEA claim.[5]

## CONCLUSION

Accordingly, based on the foregoing reasons, the Court **GRANTS** the Defendants' Motion for Summary Judgment [DE 13]. Summary judgment is hereby **ORDERED** in favor of Defendants

---

[5] While Plaintiff failed to include an allegation of discrimination based on his age in his Complaint, he does allege that "Defendants discriminated against him because he was 'Gay'." Pl.'s Compl. ¶ 6. However, sexual orientation, unlike sex, is not a characteristic protected by Title VII. *Spearman v. Ford Motor Co.*, 231 F.3d 1080, 1084 (7th Cir. 2000). Rather, concerning Title VII's prohibition on sex discrimination, "Congress intended the term 'sex' to mean 'biological male or biological female,' and not one's sexuality or sexual orientation." *Id.* Therefore, harassment and discrimination based on sexual orientation or preference is not an unlawful employment practice under Title VII. *Id.*

Purdue University Calumet, Purdue University Calumet Police Chief Stephen J. Chaddock, Officers Nicholas Zwier and Larry Thyen. Plaintiff shall take nothing by his Complaint in this case against the Defendants.

SO ORDERED this 28th day of July, 2010.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: All counsel of record